UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHHNY D. COOPER, SR., | ) | 1:09-cv-09-611-LJO-SMS |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | DENY PLAINTIFF'S APPLICATIONS TO |
| | ) | PROCEED IN FORMA PAUPERIS AND TO |
| v. | ) | ORDER PLAINTIFF TO PAY THE FILING |
| | ) | FEE OR SUFFER DISMISSAL OF THE |
| ALAN M. SIMPSON, | ) | ACTION FOR FAILURE TO FOLLOW |
| | ) | COURT ORDERS (DOCS. 3, 5, 7) |
| Defendant. | ) | |
| | ) | |

Plaintiff is proceeding pro se with a civil action.

The complaint was filed on April 6, 2009, and on the same date Plaintiff submitted an application to proceed in forma pauperis which was incomplete because although Plaintiff stated he received unemployment, he did not state the amount of money he received, and although he stated he had a savings, cash, or checking account, he stated that the total amount was nothing.

On April 28, 2009, the Court issued an order requiring Plaintiff either to pay the filing fee or submit a completed application to proceed in forma pauperis. In that order, the Court informed Plaintiff of the defects in his application to proceed in forma pauperis and of the necessity of having

1

1  information concerning Plaintiff's financial status.
2      On April 30, 2009, Plaintiff again filed an incomplete
3  application to proceed in forma pauperis. The application still
4  failed to state the total amount of unemployment benefits
5  received by Plaintiff, and it stated apparently inconsistent data
6  concerning the account/s. Plaintiff provided no explanation for
7  his failure to obey the Court's order by either paying the filing
8  fee in full or submitting a <u>completed</u> application to proceed in
9  forma pauperis.
10     On May 11, 2009, the Court issued and served an order
11 requiring Plaintiff either to pay the filing fee or submit a
12 completed application to proceed in forma pauperis. In that
13 order, the Court informed Plaintiff of the defects in his
14 application to proceed in forma pauperis and of the necessity of
15 having information concerning Plaintiff's financial status.
16     On May 27, 2009, Plaintiff filed another application to
17 proceed in forma pauperis in which he stated that Plaintiff
18 received money from "f. any other sources" but did not describe
19 the source and amount of money received and the amount expected
20 to be received in the future. Thus, after having given Plaintiff
21 multiple opportunities to comply with the Court's simple
22 directions in order to assess Plaintiff's eligibility to proceed
23 in forma pauperis, the Court is unable to proceed with the case
24 because of Plaintiff multiple, unexplained failures to comply
25 with the orders of the Court and to provide an adequate
26 application.
27     Title 28 U.S.C. § 1915(a)(1) provides that any court of the
28 United States may authorize the commencement, prosecution of

1  defense of any civil or criminal suit, action, proceeding, or any
2  appeal therein, without prepayment of fees or security therefor,
3  by a person who submits an affidavit that includes a statement of
4  all assets the person possesses and that the person is unable to
5  pay such fees or give security therefor. Id.; Floyd v. United
6  States Postal Service, 105 F.3d 274, 275-77 (6th Cir. 1997),
7  modified on other grounds in Callihan v. Schneider, 178 F.3d 800,
8  801 (6th Cir. 1999). The affidavit should state the nature of the
9  action, defense or appeal and the affiant's belief that the
10 person is entitled to redress. 28 U.S.C. § 1915(a).

11      Because Plaintiff has repeatedly failed to provide the Court
12 with the requested information, Plaintiff has failed to establish
13 that he is entitled to proceed in forma pauperis. Any further
14 efforts to obtain Plaintiff's compliance with the Court's orders
15 concerning financial information would be futile.

16      Accordingly, it IS RECOMMENDED that Plaintiff's applications
17 to proceed in forma pauperis BE DENIED, that Plaintiff BE
18 DIRECTED to pay the $350.00 filing fee within twenty days of
19 service of the order adopting these findings and recommendations,
20 and that Plaintiff BE INFORMED that a failure to comply with the
21 Court's order to pay the filing fee will result in the dismissal
22 or termination of the action.

23      This report and recommendation is submitted to the United
24 States District Court Judge assigned to the case, pursuant to the
25 provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the
26 Local Rules of Practice for the United States District Court,
27 Eastern District of California. Within thirty (30) days after
28 being served with a copy, any party may file written objections

with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     June 2, 2009**               /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE