UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHHNY D. COOPER, SR., | ) | 1:09-cv-09-611-LJO-SMS |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | DISMISS THE ACTION FOR |
| | ) | PLAINTIFF'S FAILURE TO PAY THE |
| v. | ) | FILING FEE, FOLLOW A COURT ORDER, |
| | ) | AND PROSECUTE THE ACTION (DOC. |
| ALAN M. SIMPSON, | ) | 10) |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff has filed a civil action.

The complaint was filed on April 6, 2009, and on the same date Plaintiff submitted an incomplete application to proceed in forma pauperis. After Plaintiff's repeated failures to submit a completed application, by order filed June 30, 2009, the Court denied Plaintiff's application to proceed in forma pauperis and directed Plaintiff to pay the filing fee within twenty days or suffer dismissal of the action. The Court's order was served by mail on Plaintiff on June 30, 2009. Over twenty days have passed, but Plaintiff has neither paid the filing fee nor submitted a timely application for an extension of time within which to do so.

1

1 Local Rule 11-110 provides that "...failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions...within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate...dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In this case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as the case has been pending since April 2009.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). Here, despite having been informed of the necessity of timely submitting the filing fee and having been given an opportunity to submit the fee, Plaintiff has defaulted, and Plaintiff has offered no excuse or justification for his default. The Court has no basis for inferring that the delay was necessary or reasonable. Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). The Court concludes that the delay in the present case is unreasonable, and thus this factor weighs in favor of dismissal.

The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.

Finally, with respect to less drastic alternatives, the Court notes that it previously warned Plaintiff that dismissal would follow a failure to comply with the court's order; however,

3

1  Plaintiff has not submitted the fee or demonstrated any excuse or
2  justification for his failure to do so. Plaintiff will have an
3  opportunity to set forth any grounds for his failure to comply in
4  any objections filed in response to these findings and
5  recommendations. Further, Plaintiff sought to proceed in forma
6  pauperis. In the absence of any compliance with or response to
7  the Court's previous orders, it is reasonable to conclude that
8  sanctions less than dismissal would not be effective.

9      Further, a court's warning to a party that his failure to
10 obey the court's order will result in dismissal has been held to
11 satisfy the "consideration of alternatives" requirement. Ferdik
12 v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson,
13 779 F.2d at 1424. The Court's order requiring Plaintiff to pay
14 the filing fee expressly warned Plaintiff that a failure to
15 comply with the Court's order would be considered to be a failure
16 to comply with an order of the Court pursuant to Local Rule 11-
17 110 and would result in dismissal of the action. Thus, Plaintiff
18 received adequate warning that dismissal would result from his
19 noncompliance with the Court's order.

20     Finally, the Court will recommend not the drastic sanction
21 of dismissal with prejudice, but rather the lesser result of
22 dismissal without prejudice.

23     Accordingly, the Court HEREBY RECOMMENDS that this action be
24 DISMISSED without prejudice for failure to prosecute the action,
25 pay the filing fee, and comply with the Court's order directing
26 Plaintiff to pay the filing fee pursuant to Local Rule 11-110.

27     These findings and recommendations are submitted to the
28 United States District Judge assigned to the case, pursuant to

4

the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 27, 2009**               /s/ Sandra M. Snyder
                                     UNITED STATES MAGISTRATE JUDGE